UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| MARCO STRICKLAND, | ) | |
| Petitioner, | ) | Civil No. 5: 13-331-KKC |
| v. | ) | |
| WARDEN FRANCISCO QUINTANA, | ) | **MEMORANDUM OPINION AND ORDER** |
| Respondent. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Marco Strickland is an inmate confined at the Federal Medical Center in Lexington, Kentucky. Proceeding without counsel, Strickland has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] and has paid the five dollar filing fee [R. 2].

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Strickland's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the petitioner's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

On August 15, 2005, Strickland was indicted in the Eastern District of Michigan on a single count of attempted possession with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841, 846. On December 5, 2006, a jury found Strickland guilty of the offense, and on November 6, 2007, Strickland was sentenced to life in prison. *United States v. Strickland*, No. 2:05-CR-80746-GER-SDP-1 (E.D. Mich. 2005). Strickland's conviction and sentence were affirmed by the Sixth Circuit on direct appeal. *United States v. Strickland*, 342 F. App'x 103 (6th Cir. 2009).

On August 20, 2010, Strickland filed an extensive *pro se* motion to vacate his sentence pursuant to 28 U.S.C. § 2255, asserting numerous claims, including that his counsel was constitutionally ineffective, that his sentence was improperly enhanced pursuant to 18 U.S.C. § 924(c), and that he was denied a fair trial. The trial court denied relief on November 22, 2011, a decision affirmed by the Sixth Circuit on August 16, 2013.

In his petition, Strickland contends that his right under the Sixth Amendment to confront adverse witnesses was violated because he was not allowed to cross examine statements attributed to a non-testifying confidential informant regarding Strickland's predisposition and intent to commit the charged offense, and that his trial and appellate counsel were ineffective for not asserting this claim. He also asserts that his sentence should not have been enhanced as a career offender because his two predicate convictions were for simple possession and because he was not sentenced to over one year in prison for either offense. [R. 1, pp. 5, 9-10]

Strickland may not pursue his claims in a § 2241 petition. To challenge the legality of a federal conviction or sentence, a prisoner must file a motion for post-conviction relief under 28 U.S.C. § 2255 in the court that convicted and sentenced him. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). The prisoner may not use a habeas corpus petition pursuant to 28

U.S.C. § 2241 for this purpose, as it does not constitute an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

Under highly exceptional circumstances, the "savings clause" found in 28 U.S.C. § 2255(e) will permit a prisoner to challenge the validity of his conviction in a habeas corpus proceeding under § 2241, but only where the remedy afforded by § 2255(a) "is inadequate or ineffective" to test the legality of his detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). This standard is not satisfied merely because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (§ 2241 available "only when a structural problem in § 2255 forecloses even one round of effective collateral review ...").

Instead, the prisoner must be asserting a claim of "actual innocence." Such a claim can arise only where, after the prisoner's conviction became final, the Supreme Court re-interprets the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255."); *United States v. Prevatte*, 300 F.3d 792, 800-801 (7th Cir. 2002); *Eiland v. Rios*, No. 7:07-cv-83-GFVT (E.D. Ky. May 3, 2007), *aff'd*, No. 07-5735 (6th Cir. Nov. 28, 2007) (same).

Strickland's challenges to his conviction do not fall within this narrow exception. *Saint v. Stine*, No. 6: 05-531-DCR, 2006 WL 197058, at * 5 (E.D. Ky. Jan. 21, 2006) (claims under Confrontation Clause are not claims of "actual innocence" permitted under § 2241); *Morris v.*

*Dewalt*, No. 06-CV-201-JBC, 2006 WL 2023892, at *2 (E.D. Ky. July 17, 2006) (same); *Briggs v. Quintana*, No. 5:13-183-JMH, 2013 WL 5221996, at *2 (E.D. Ky. Sept. 16, 2013) (ineffective assistance of counsel claims under *Strickland* not cognizable under § 2241). Further, challenges to a sentence, as opposed to a conviction, fall outside the reach of the savings clause. *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001); *Brown v. Hogsten*, 503 F. App'x 342, 343 (6th Cir. 2012).

Accordingly, **IT IS ORDERED** that:

1. Strickland's petition for a writ of habeas corpus [R. 1] is **DENIED**.

2. The Court will enter a judgment contemporaneously with this order.

3. This matter is **STRICKEN** from the docket.

This the 3rd day of February, 2014.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY